IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WESLEY S.,[1] | ) |
| | ) |
|     Plaintiff, | ) |
| | )   No. 21 C 2762 |
| v. | ) |
| | )   Magistrate Judge |
| KILOLO KIJAKAZI, Acting | )   Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Wesley S.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On May 22, 2019, Plaintiff filed a claim for DIB, alleging disability since February 25, 2018. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on October 22, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On January 28, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of February 25, 2018. At step two, the ALJ concluded that Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine status post-surgery and obesity. The

ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can perform occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; cannot climb ladders, ropes, or scaffolds or work around unprotected heights, open flames, or unprotected dangerous moving machinery; and cannot operate foot controls or have concentrated exposure to vibrations (tools, standing surfaces). At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a roofer, parts manager, or print shop helper. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.  ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ improperly rejected the opinions of two treating specialists; (2) the ALJ's finding that Plaintiff's statements are inconsistent with the evidence is premised upon improper and unsupported inferences; and (3) the ALJ failed to explain how she factored Plaintiff's obesity into the RFC assessment.

In advancing his first argument, Plaintiff contends, *inter alia*, that "the ALJ failed to explain how she arrived at her own RFC assessment, which seems to be little more than an averaging out of" the opinions of the non-examining consultants' opinions on the one hand and the opinions of Plaintiff's treating physicians on the other. (Pl.'s Mot. at 6.) In her decision, the ALJ acknowledged – but found

unpersuasive – the opinions of two State agency consultants (who concluded that Plaintiff was capable of light work) and the opinion of a consultative examiner (who concluded that Plaintiff had no limitations). The ALJ also considered – but again found unpersuasive – Plaintiff's treating physicians' opinions that Plaintiff had significant limitations and was unable to work. So, the ALJ rejected all of the medical opinion evidence of record and, as stated above, determined on her own that Plaintiff retained the RFC to perform a reduced range of sedentary work. In support of that determination, the ALJ stated in a conclusory fashion that "the above residual functional capacity assessment . . . is supported by the medical findings, treatment, the claimant's activities, and other factors as discussed above." (R. 22.)

Crucially, "ALJ's are not permitted to construct a 'middle ground' RFC without a proper medical basis." *Norris v. Astrue*, 776 F. Supp. 2d 616, 637 (N.D. Ill. 2001). That is precisely what the ALJ did here – she rendered a compromise RFC assessment that represented a middle ground between the competing factions of medical opinions in the case. *See Megan B. v. Saul*, No. 18 C 1836, 2020 U.S. Dist. LEXIS 101344, at *14-15 (N.D. Ill. June 10, 2020) ("The ALJ apparently believed that the RFC he chose reflected a middle ground between the two competing factions of medical opinions. . . . But in his effort to find a consensus, the ALJ crafted an RFC that is unsupported by any medical evidence or opinion.") (citation omitted). The ALJ appears to have relied on her own lay opinion, which was improper. *See Chase v. Astrue*, 458 F. App'x 553, 557 (7th Cir. 2012) ("[An ALJ] may not 'play doctor' by using [her] own lay opinions to fill evidentiary gaps in the

7

record.") (citations omitted); *Clifford v. Apfel*, 227 F. 3d 863, 870 (7th Cir. 2000) ("[A]n ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record.").

Defendant recognizes the centrist nature of the ALJ's RFC assessment and concedes that the ALJ "acknowledged that three doctors found plaintiff capable of light work or greater while [two] others found him incapable of even sedentary work" and "the ALJ ultimately opted to restrict plaintiff to a reduced range of sedentary work." (Def.'s Memo. at 1 (citations omitted).) Under the circumstances, the Court agrees with Plaintiff that the ALJ erroneously "chose to don her own stethoscope and essentially average out the opinions of treating specialists and the less dire opinions of non-examining State agency consultants and a consultative examiner to determine Plaintiff's RFC." (Pl.'s Reply at 1.) Given that error, remand is required as the ALJ "failed to construct the requisite accurate and logical bridge from the evidence to the ALJ's 'middle ground' physical RFC." *Marianne T. v. Saul*, No. 19 C 6171, 2021 U.S. Dist. LEXIS 52725, at *13 (N.D. Ill. Mar. 22, 2021).

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the opinions of Plaintiff's treating physicians are properly assessed, Plaintiff's

8

subjective symptoms are properly evaluated, and Plaintiff's obesity is properly accounted for.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 15] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 18] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

**DATE:** **October 13, 2022**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**